# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RICHARD and SHELBY PAYNE,      *

      Plaintiffs,      *

      v.      *      Case No. SAG-10-cv-2241

WAL-MART STORES, INC.      *

      Defendant.      *

******

## MEMORANDUM

Pending before this court is a motion for summary judgment filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") [ECF No. 26]. The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the motion will be denied.

### I. Factual Background

Because Wal-Mart has moved for summary judgment, the facts are construed in the light most favorable to Plaintiffs Shelby and Richard Payne (collectively, "the Paynes"). On the morning of October 11, 2007, Shelby Payne ("Mrs. Payne") tripped and fell over a manhole cover inside the Sam's Club Store in Frederick, Maryland. Compl. ¶¶ 5-6. Mrs. Payne and her husband, Richard ("Mr. Payne"), had been shopping together at the Sam's Club store. *Id*. Mrs. Payne was wearing athletic shoes that day and the weather was clear and dry. Shelby Payne Dep. 18:21-19:4, Nov. 4, 2010.

As the Paynes finished their shopping trip, Mr. Payne proceeded to a checkout lane with the couple's shopping cart while Mrs. Payne returned to a store aisle to look for one last item. Payne Dep. 15:16-16:15. Mrs. Payne did not find the item, and she returned to the front of the

1

store empty-handed, carrying only her purse over her shoulder. Shelby Payne Dep. 16:15-20:2. By the time Mrs. Payne returned to the front of the Sam's Club store, Mr. Payne had completed his purchase and was walking towards the exit door. Shelby Payne Dep. 29:16-30:9. In order to meet up with her husband, Mrs. Payne "walked through a vacant [checkout] aisle in Sam's Club, aisle number eight, and turned the corner heading towards the exit and immediately was propelled to the floor." Shelby Payne Dep. 12:13-16, 19:19-20:2. Mrs. Payne fell because she stepped on a manhole cover that was recessed about half an inch below the surface of the floor. Shelby Payne Dep. 20:3-11. The manhole cover was about two feet in diameter and had a "trampoline effect." Shelby Payne Dep. 20:12-21:9. That is, when Mrs. Payne stepped on the manhole cover, the cover sank further below the floor.

### II. Legal Standards

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Summary judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing that there is not evidence to support the non-moving party's case, and the moving party must only show an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43.

Because the source of this Court's jurisdiction over this state law tort action is the parties' diversity of citizenship, 28 U.S.C. § 1332 (1994), the rule of *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), requires the application of the law of Maryland, the forum state, to questions of substantive law. *See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 290-91 (4th Cir. 2010). In Maryland, questions of primary and contributory negligence are generally for the jury; the Court of Appeals has stated that "[u]sually it is neither advisable nor practicable to enter summary judgment in a tort action." *Robertson v. Shell Oil Co.*, 34 Md. App. 399, 403, 367 A.2d 962, 965 (Md. Ct. Spec. App. 1977) (citing *Driver v. Potomac Elec. Power Co.*, 247 Md. 75, 79, 230 A.2d 321, 324 (Md. 1967)); *see also Tennant v. Shoppers Food Warehouse MD Corp.*, 115 Md. App. 381, 394-95, 693 A.2d 370, 377 (Md. Ct. Spec. App. 1997); *Pfaff v. Yacht Basin Co., Inc.*, 58 Md.App. 348, 352, 473 A.2d 479, 481 (Md. Ct. Spec. App. 1984).

### III. Analysis

Wal-Mart argues that summary judgment is appropriate because it was not negligent in its treatment of the manhole cover. Wal-Mart also asserts that it met its duty to warn patrons of the potential hazard, that Mrs. Payne assumed the risk, and that Mrs. Payne was contributorily negligent. Because the appearance of the manhole cover at the time of Mrs. Payne's fall remains an open question, and because that factual question is material to whether this case can be resolved as a matter of law, summary judgment is inappropriate.

Wal-Mart first argues that the Paynes have failed to prove a *prima facie* case of negligence because the manhole cover over which Mrs. Payne tripped was an open and obvious hazard. Def.'s Mot. for Summ. J., ECF No. 26, at 10. In Maryland, a business owner such as

Wal-Mart is subject to negligence liability for bodily harm caused to business visitors by a condition on the land if, but only if, the owner

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Maans v. Giant of Maryland, LLC*, 161 Md.App. 620, 626, 871 A.2d 627, 630-31 (Md. Ct. Sp. App. 2005); *see also Deering Woods Condominium Ass'n v. Spoon*, 377 Md. 250, 263, 833 A.2d 17, 24 (Md. 2003); *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117, 113 A.2d 405, 407 (1955). While a business owner has a duty to protect his or her customers against unreasonably dangerous conditions, he or she is not required to insure the customers' safety. *Tennant*, 115 Md. App. at 389. "Like the owner, the invitee has a duty to exercise due care for his or her own safety. . . . Accordingly, the owner or occupier of land has no duty to warn an invitee of an open, obvious, or present danger." *Id*.

Wal-Mart claims that the manhole cover – the alleged dangerous condition in this case – was open and obvious as a matter of law. Def.'s Mot. at 11-12. Wal-Mart states that the manhole cover was "undisputedly" painted yellow and surrounded by yellow and black caution tape when Mrs. Payne fell, Def.'s Mot. at 11; such an appearance underscores the open and obvious nature of the potentially dangerous condition. Because the manhole cover was an open and obvious condition, Wal-Mart argues, it had no duty to warn Mrs. Payne of the potential hazard. *Id*.

The materials attached to the parties' motions, however, reveal a factual dispute regarding the appearance of the manhole cover at the time of Mrs. Payne's injury. Exhibits 5 through 8 of Wal-Mart's motion show a manhole cover that is a grayish color, similar to the color of the surrounding floor. Def.'s Mot., Exs. 5-8. Those exhibits also show ragged, faded

yellow caution tape on only two sides of the manhole cover. Exhibits 10 and 11, on the other hand, depict a manhole cover painted bright yellow and encompassed by a square of bright yellow and black caution tape. Def.'s Mot., Exs. 10-11. The Paynes' deposition testimony addresses the same discrepancy. During Mrs. Payne's deposition, counsel for Wal-Mart asked Mrs. Payne to identify the manhole cover.

> Q: It looks like some pictures were taken on a different day because it looks like the manhole cover is a different color. Like that picture right there, Exhibit Number 5, see where the manhole cover is now gray?
>
> A: Yes.
>
> . . .
>
> Q: When you fell was the manhole cover yellow or was it gray?
>
> A: Well, this is the day I fell. Those pictures were taken the day I fell so it was that color, gray.
>
> . . .
>
> Q: Okay. Do you have an independent recollection that the manhole cover was gray on the day that you fell?
>
> A: I didn't see it until they sat me up and I looked back to see what had happened.
>
> Q: When that happened –
>
> A: And it was gray.

Shelby Payne Dep. 23:12-24:3. During Mr. Payne's deposition, Wal-Mart's counsel asked Mr. Payne about the color of the manhole cover.

> Q: The discussion that I had with your wife about the manhole, which I'm just showing you Exhibit Number 3. And again I'm calling it a manhole because she described it that way. So if I just refer to it as a manhole –
>
> A: That's exactly what it is.
>
> Q: What color was it on the day of the incident? Was it yellow?
>
> A: It was yellow.

5

Richard Payne Dep. 8:11-8:19, Nov. 4, 2010.

It is unclear how the manhole cover appeared on the day of Mrs. Payne's fall. The exhibits submitted show that the manhole cover may have been painted bright yellow, or may have been a gray color similar to that of the floor. Bright black and yellow caution tape may have completely surrounded the manhole cover at the time of Mrs. Payne's fall, or some peeling, faded yellow tape may have been affixed to the floor on only two sides of the alleged hazard. The exhibits submitted could support either position. The appearance of the manhole cover on the day of the incident is a disputed question that is properly left to the trier of fact.

Summary judgment is inappropriate since at least one material question of fact remains in dispute. This Court cannot determine, as a matter of law, whether the manhole cover was an open and obvious condition because it is not yet clear how the alleged obstacle appeared on the day of Mrs. Payne's fall. The gray manhole cover, at least, would not amount to an open and obvious condition as a matter of law, although a fact-finder certainly could consider whether such a cover constituted an open and obvious danger. For this reason, Wal-Mart's motion must be denied.

Wal-Mart's alternative arguments (i) that it met its duty to warn Mrs. Payne of the dangerous condition, (ii) that Mrs. Payne assumed the risk of a fall by stepping on the manhole cover despite the clear warnings affixed to it, and (iii) that Mrs. Payne was contributorily negligent by stepping on the clearly marked manhole cover fail for the same reason that Wal-Mart's primary argument fails. The appearance of the manhole cover must inform the analysis of whether Wal-Mart met its duty to warn Mrs. Payne of the potential hazard, whether Mrs. Payne assumed the risk, or whether Mrs. Payne was contributorily negligent. Without knowing how the manhole cover appeared, this Court cannot determine whether Wal-Mart gave proper warning of

that potentially dangerous condition. Likewise, the Court cannot determine whether a reasonable person should have seen the manhole cover and should have appreciated the risks involved with walking on it.

**IV. Conclusion**

Based on the foregoing, the Court DENIES Defendant Wal-Mart Stores, Inc.'s motion for summary judgment. A separate order follows.

Dated: November 8, 2011                                          /s/
                                                                                   Stephanie A. Gallagher
                                                                                   United States Magistrate Judge