**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RICHARD and SHELBY PAYNE, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. SAG-10-cv-2241 |
| | * | |
| WAL-MART STORES, INC. | * | |
| | * | |
| Defendant. | * | |

******

**MEMORANDUM**

Pending before this court is a motion for reconsideration of the denial of summary judgment filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") [ECF No. 31]. Wal-Mart moved for summary judgment in this case on October 3, 2011. [ECF No. 26.] This Court denied Wal-Mart's motion, noting that at least one material fact, the color of the manhole cover on the day of Ms. Payne's fall, was in dispute. The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the motion will be denied.

**I. Analysis**

In its motion for reconsideration, Wal-Mart reiterates its contention that summary judgment is appropriate because the manhole cover was "undisputedly" painted yellow and surrounded by yellow and black caution tape on the day of Mrs. Payne's fall. Def.'s Mot. for Reconsideration, ECF No. 31, at ¶ 3. Because the parties agree that the manhole cover was yellow and surrounded by caution tape on the day of the accident, Wal-Mart reasons, the manhole cover was an open and obvious hazard for which Wal-Mart had no duty to warn Mrs. Payne. Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. 26-1, at 12; Mem. in Supp. of Mot.

1

for Recons., ECF No. 31-1 at 5-7. Wal-Mart concedes that, "Plaintiff Shelby Payne testified that the manhole cover, at the time of her fall, was grey, as opposed to yellow, during her deposition."[1] Mem. in Supp. of Mot. for Recons. at 4. Nevertheless, Wal-Mart explains that all other evidence in this matter indicates that the manhole cover was yellow on the day that Mrs. Payne fell, and attributes Mrs. Payne's inconsistent deposition testimony to confusion. *Id.*

It is well-settled that, when ruling on a motion for summary judgment, the court must construe all facts in favor of the non-moving party. There is certainly a great deal of evidence that contradicts Mrs. Payne's deposition testimony that the manhole cover was grey on the day that she fell. As Wal-Mart noted, Mr. Payne's deposition testimony and a recorded statement made by Mrs. Payne shortly after the accident both indicate that the manhole cover was yellow at the time of Mrs. Payne's fall. Mem. in Supp. of Mot. for Recons. at 4-5. Several photographs attached as exhibits to Wal-Mart's motion show that the manhole cover was yellow on the date of the accident. Mot. for Summ. J. at 5, Exhs. I & J. Mrs. Payne's deposition testimony, however, is a sworn statement that cannot be ignored by this Court, particularly where all

---

[1] During Mrs. Payne's deposition, counsel for Wal-Mart asked Mrs. Payne to identify the manhole cover and the following exchange ensued:

> Q: It looks like some pictures were taken on a different day because it looks like the manhole cover is a different color. Like that picture right there, Exhibit Number 5, see where the manhole cover is now gray?
>
> A: Yes.
>
> . . .
>
> Q: When you fell was the manhole cover yellow or was it gray?
>
> A: Well, this is the day I fell. Those pictures were taken the day I fell so it was that color, gray.
>
> . . .
>
> Q: Okay. Do you have an independent recollection that the manhole cover was gray on the day that you fell?
>
> A: I didn't see it until they sat me up and I looked back to see what had happened.
>
> Q: When that happened –
>
> A: And it was gray.

Shelby Payne Dep. 23:12-24:3.

evidence is construed in her favor. As noted above, this Court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43. When construing the facts in the light most favorable to the plaintiffs, as must be done here, the Court finds that the parties dispute the color of the manhole cover during the relevant time period. A jury must be tasked with determining whether the manhole cover was yellow or grey at the time of Mrs. Payne's accident.

Other questions must also be resolved by a jury in this case. Some key issues include whether Wal-Mart created a dangerous condition about which it knew or should have known, and whether Mrs. Payne exercised the degree of care expected of a reasonably prudent person. These are questions most commonly reserved for finders of fact. Maryland courts typically deny summary judgment motions in cases in which a store patron fell as a result of an obstacle known to or created by store employees. *Tennant v. Shoppers Food Warehouse MD Corp.*, 115 Md. App. 381, 394-95, 693 A.2d 370, 377 (Md. Ct. Spec. App. 1997) ("it is for the jury to decide whether, in the first instance, [a grocery store chain] created a dangerous situation [when its employees left a pile of cabbage leaves and an empty crate in an aisle] . . . . [T]he jury must also determine if [the plaintiff] negligently failed to appreciate the unsafe conditions"); *Diffendal v. Kash & Karry Service Corp.*, 74 Md. App. 170, 178, 536 A.2d 1175, 1179 (Md. Ct. Spec. App. 1988) (summary judgment inappropriate in a case in which the plaintiff tripped over an L-cart left in an aisle of defendant's supermarket); *Chalmers v. Great Atlantic & Pacific Tea Co.*, 172 Md. 552, 558, 192 A. 419, 422 (Md. 1937) ("Whether under the circumstances [a grocery store's] conduct in placing the box in the aisle, or permitting it to remain there, was consistent with due care, was peculiarly a jury question. Nor . . . can it be said as a matter of law that the plaintiff was guilty of contributory negligence."). Moreover, given Mrs. Payne's testimony that

the manhole cover was unstable when she stepped on it, a jury could find that yellow paint and caution tape – if, indeed, the manhole cover was marked in that way – did not sufficiently warn patrons of the potential danger the manhole cover posed.

The cases on which Wal-Mart relies to support its summary judgment motion, *Pfaff v. Yacht Basin Co.*, 58 Md. App. 348, 473 A.2d 479 (Md. Ct. Spec. App. 1984), *Gellerman v. Shawan Road Hotel Ltd. P'ship*, 5 F.Supp.2d 351 (D.Md. 1998), and *Finkelstein v. Vulcan Rail & Const. Co.*, 224 Md. 439, 168 A.2d 393 (1961), are factually dissimilar from the instant case and from the grocery store cases cited above. In *Pfaff*, the plaintiff was injured after falling out of a pickup truck parked on the upper tier of a two-tier parking lot. At a hearing on the defendant parking lot owner's motion for summary judgment, the plaintiff testified that he knew that the lot was two-tiered and did not have guardrails before he climbed into the back of the truck and attempted to crawl out of the truck backwards. *Pfaff*, 58 Md. App. at 351-352. The appellate court upheld the trial court's grant of summary judgment, finding that the plaintiff had been contributorily negligent and had assumed the risk for his actions. *Id.* at 356. The appellate court's decision was based on the plaintiff's testimony that he had seen the two-tiered condition of the parking lot before his fall and knew that there were no guardrails between the upper and lower tiers. *Id*. Similarly, in *Finkelstein*, a case in which the plaintiff electrician tripped and fell over a bolt installed by the defendant subcontractor on a work site, Maryland's high court upheld a directed verdict in favor of the defendant. Critical to the Court of Appeals' ruling were the facts that the plaintiff had worked on the job site for two weeks before the accident and had been "fully aware of the presence of the bolts, having discussed them with his co-workers." *Finkelstein*, 224 Md. at 441. In the case at hand, Mrs. Payne's testimony is that she did **not** see the manhole cover before she stepped on it. Shelby Payne Dep. At 21:11-22:1. Without Mrs.

Payne's clear assertion that she saw and knew about the potentially risky condition, this Court cannot rely on *Pfaff* and *Finkelstein* to determine that Mrs. Payne was contributorily negligent and assumed the risk of her own actions.

*Gellerman* involved a plaintiff who tripped over a small space in the joint between a curb and a sidewalk. 5. F.Supp.2d at 353. In ruling that the condition of the sidewalk on the defendants' premises was open and obvious as a matter of law, the *Gellerman* court relied on several cases in which a variety of courts held that irregularities in sidewalks and pavement were common enough that they constitute open and obvious conditions for which a landowner has no duty to warn pedestrians. *Id*. Unlike the sidewalk at issue in *Gellerman*, there appears to be no legal consensus in Maryland as to whether conditions creating uneven or unstable surfaces in in-store walkways are open and obvious as a matter of law.

The case at hand falls squarely within the scope of *Tennant*, *Diffendal*, and *Chalmers*. Granting summary judgment here would be improper based on the governing Maryland case law. A jury should decide the questions of primary and contributory negligence that Wal-Mart and the Paynes have presented.

**II. Conclusion**

Based on the foregoing, the Court DENIES Defendant Wal-Mart Stores, Inc.'s motion for reconsideration [ECF No. 31]. A separate order follows.

Dated: December 21, 2011                              /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge